CH/JC

RECEIV

APR 1 7 2026

U.S. Court of Appeals
Fourth Circuit

Case No. 26-1376

On Appeal from the United States District Court for the District

of Maryland

Case No. 8:25-cv-01184-PX

IN THE UNITED STATES COURT OF APPEALS FOR THE

FOURTH CIRCUIT

RECEIVED

APR 1 7 2026

U.S. Court of Appeals
Fourth Circuit

Maurice Briscoe, Appellant

v.

Pathik Rami, et al., Appellees

INFORMAL BRIEF

Issue 1. Whether the bankruptcy court erred by allowing the sale of 5007 Liberty Heights Avenue to stand even though the sale occurred during the automatic stay under 11 U.S.C. § 362.

The bankruptcy court erred by allowing the post-petition sale of 5007 Liberty Heights Avenue to stand even though the sale occurred while Appellant's bankruptcy case was pending and the automatic stay was in effect.

Appellant has consistently argued that the Liberty Heights property was sold for approximately $380,000 during the stay.

Instead of voiding the sale or requiring full review of the transaction, the lower court allowed the transfer to remain in place.

Appellant contends this was reversible error because the court failed to enforce the automatic stay and failed to restore the status quo after a sale that should not have gone forward during the bankruptcy case.

Additionally, Appellee admitted in open court that no certified notice of default was ever issued, meaning no valid default existed to justify enforcement or sale.

Because no valid default was ever triggered due to the lack of the required certified notice, Appellee had no lawful basis to enforce or sell the property even apart from the automatic stay violation.

Issue 2. Whether the bankruptcy court erred by failing to recognize that the debt had already been fully satisfied, and then overpaid, based on Appellee's own payoff demand and the proceeds Appellee received.

The bankruptcy court also erred by failing to recognize that Appellee's own written payoff demand fixed the alleged debt at $483,339.

According to the demand letter dated May 21, 2021, the listed payoff amounts included:

3802 Norfolk Ave – $73,477

3208 Garrison Blvd – $97,513

417 N. Bradford St – $70,613

5007 Liberty Heights – $150,822

800 N. Rosedale – $64,904

1909 W. North Ave / Robb St – $26,009

Total: $483,339

Despite that fixed payoff amount, Appellee later received proceeds far beyond it.

Appellant has stated that Appellee received:

~$85,000 from 3802 Norfolk Ave

~$100,000 from 3208 Garrison Blvd

~$44,000 from 417 Bradford St

Appellant also states that after a 2021 fire loss:

Insurance proceeds of about $152,000 were paid

Approximately $137,000 was applied Leaving only

about $13,000 remaining Appellant further states that:

5007 Liberty Heights was sold for approximately $380,000

Even before later transfers of additional properties valued at more than

$1,000,000, including Appellant's primary residence (~$850,000), Appellee had

already received amounts exceeding the stated payoff demand.

$400,000 Credit Error

The bankruptcy court further erred by allowing approximately $400,000 in

unsupported credits to be used to inflate the alleged balance.

Appellant challenged these claimed repair or improvement credits and

requested:

Permits

Invoices

Receipts

No sufficient documentation was produced, yet the court accepted the credits.

This was error because those unverified amounts were used to justify further

recovery after the debt had already been paid.

Default Argument (CRITICAL)

Appellant further disputes any assertion that a valid default occurred prior to the bankruptcy filing.

Under the terms of the governing agreement, a default required:

Certified written notice as a condition precedent

Appellant was never provided with any certified written notice.

No such notice was produced in court.

Appellee admitted in open court that no certified notice existed.

Without required notice:

No valid default
No enforcement rights
No lawful sale

Payoff Interference (VERY IMPORTANT)

Appellant also presented evidence in open court that the loan could be paid off at any time under the note.

In reliance on that:

Appellant applied for and was approved for a $150,000 loan After insurance

proceeds:

Remaining balance ≈ $13,000

When the loan officer contacted Appellee:

Appellee refused payoff

Demanded an additional $90,000 Appellee claimed

cross-collateralization.

However:

Appellant's attorney disputed this

The promissory note contained no such provision Appellant attempted to

present this evidence.

The court refused to allow it

This constitutes error because:

Appellant was ready, willing, and able to pay

Actual balance ≈ $13,000

Appellee inflated payoff by $90,000

Court excluded critical evidence

Legal Authority

Courts recognize a debtor's right to cure and prohibit interference with a borrower's ability to satisfy a loan obligation.

See In re Taddeo, 685 F.2d 24 (2d Cir. 1982).

Appellee's refusal to accept payoff and demand for an additional $90,000, despite a remaining balance of approximately $13,000, directly interfered with Appellant's ability to cure the loan.

The bankruptcy court further erred by refusing to admit evidence showing that Appellant had obtained financing to pay the loan in full but was prevented from doing so by Appellee's conduct.

Issue 3. Whether the bankruptcy court erred by allowing improper transfers and failing to address bad faith conduct.

After receiving payment, Appellee obtained additional property interests valued at more than $1,000,000.

These included:

Appellant's primary residence (~$850,000)

These transfers were unnecessary and improper.

Undervalued Insider Sale

Property: 3210 Garrison Blvd

Under contract to Appellant

Sold to related party for ~$90,000

Appraised at ~$260,000

This deprived the estate of value.

$500,000 Claim Dismissed

Appellant had a $500,000 state court claim The Trustee:

Dismissed it without a hearing This

eliminated a major asset.

Adversary Cases Dismissed

Appellant filed adversary proceedings addressing:

Stay violation

Overpayment

Credits Transfers

These were:

Dismissed without a hearing

This prevented full development of the record.

Recusal / Bias

Appellant filed recusal motions.

Denied despite:

Evidence exclusion

Adversary dismissals

Ignored issues

This created an appearance of bias.

Issue 4. Whether the bankruptcy court erred by failing to prevent ongoing irreparable harm.

Appellant continues to suffer:

Lockout (1909 W North Ave)

~$1,000/day losses

Rent diversion (~$6,000/month)

Expired 60-day notice

Recorded deed transfers

These threaten the effectiveness of the appeal.

Ms. Yvonne Forrester (Non-Debtor Impact)

Appellant further states that the 60-day notice that was issued and has since expired also affected Ms. Yvonne Forrester, who is a non-debtor co-owner.

Ms. Forrester is not a party to the bankruptcy proceeding, yet her property rights and possessory interests have been directly impacted by the actions taken in this case.

This demonstrates that the harm extends beyond the bankruptcy estate and affects third parties who were not subject to the bankruptcy court's jurisdiction.

The court failed to consider or address the impact of these actions on Ms. Forrester, which further supports Appellant's position that the relief granted and actions allowed were improper.

RELIEF REQUESTED

Appellant respectfully requests:

Reversal of lower court decisions

Recognition of full payoff

Rejection of $400,000 credits

Reversal of property transfers

Review of $500,000 claim dismissal

Review of adversary dismissals

Review of recusal denial

Order disgorgement and return of all funds and property received by Appellee

in excess of the lawful payoff amount to the bankruptcy estate or Trustee for

proper administration

All appropriate relief

SIGNATURE

/s/ Maurice Briscoe

Maurice Briscoe, Pro Se

9903 Nicol Court West

Mitchellville, MD 20721 301-404-6932

mauricebriscoe@msn.com EXHIBIT A

Payoff Demand Letter

May 21, 2021

(Attach your document)

CERTIFICATE OF SERVICE

I hereby certify that on this 13 day of April, 2026:

Via Electronic Mail (per authorization):

Merrill Cohen

P.O. Box 53 Harbeson, DE 19951

merrillc@cohenbaldinger.com

Via Certified U.S. Mail:

Stanford G. Gann, Jr.

Levin Gann, P.A.

1 Pennsylvania Avenue

Towson, MD 21204

# APPENDIX

## Exhibit A – Payoff Demand Letter (May 21, 2021)

Document showing total payoff amount of $483,339 as issued by Appellee.

*<< Attach Supporting Document Here >>*

EXHIBIT
A

← PR From: Pathik Rami ✕

File  Home  View  Help

New · Ignore · Block · Delete · Archive · Report · Reply · Move · Sweep · Rules · Quick steps

New · Delete · Report · Respond · Move · Quick steps

## Favorites

▷ Sent Items — 13
🗐 Drafts — 249
🗄 Archive — 2983
🗑 Deleted It... — 1456
🗐 Junk Email — 21

## ∨ mauricebriscoe...

🖃 Inbox — 3160
🗐 Junk Email — 21
🗐 Drafts — 249
∨ ▷ Sent Items — 13
  📁 2012 BUSINESS
🗑 Deleted It... — 1456
📁 2011 TAXES
∨ 📁 2012 TAXES
  📁 2013 TAXES JO...
📁 2013 TAX RETU...
📁 2013 TAXES — 8
📁 2013 TAXES BRI...
📁 2014 SPREAD S...
📁 2014 TAX ES

☐ All   Mail   Files   People   ⌀ Has al >

✕ **Payoff request for each property good through 6/1/21 are here**   < >

**PR**  Pathik Rami   ↩ ↩ ↪ 🔳 ⋯

To: You; Baltimore Collections Attorney   Fri 5/21/2021 6:57 PM

You forwarded this message on Sun 9/18/2022 7:33 AM

View conversation

3802 Norfolk Ave: $73,477
3208 Garrison: $97,513
417 N Bradford: $70,613
5007 Liberty Heights: $150,822
800 N Rosedale: $64,904
1909 W North and Robb St: $26,009

As of now all loans are in default and all are due and payable immediately in full.

**Current amount to pay in full by 6/1/21 is $483,339.**

**Payment can be made by wire or certified funds only.**

Please forward any questions to my attorney cc'd on this email.

--

Pathik Rami
pathikrami@gmail.com
410.493.8150
fax.714.410.2848

↩ Reply   ↩ Reply all   ↪ Forward

## Exhibit B – Liberty Heights Sale Evidence

Proof of sale of 5007 Liberty Heights Avenue for approximately $380,000 during the automatic stay.

*<< Attach Supporting Document Here >>*

**EXHIBIT**

**B**



# $380,000    SOLD AUG 1, 2023

## 5007 Liberty Heights Ave

Gwynn Oak, MD 21207

Howard Park Neighborhood

-- Bed   **3** Baths   **2,650** Sq Ft   **10,065** Sq Ft Lot



## $380,000

-- Bed    3 Baths    2,650 Sq Ft

5007 Liberty Heights Ave

Gwynn Oak, MD 21207

See Similar Homes for Sale

## Recently Sold

$143 /Sq Ft • ↑ 1% Above List Price

10 Days on Market

## Exhibit C – Insurance Proceeds Documentation

Evidence showing approximately $152,000 insurance payment and application of funds.

*<< Attach Supporting Document Here >>*

PAYMENT NO 5 21 651262 Q
PAYMENT AMOUNT $152,714.40
ISSUE DATE 05-04-2021
AUTHORIZED BY UELTSCHY, MARK
PHONE (844) 458-4300

CLAIM NO 20-18R5-26P
LOSS DATE 04-16-2021
POLICY NO 90-CSL892-0
INSURED BRISCOE, MAURICE


EXHIBIT
C

Debtor Exhibits

#7

MAURICE A. BRISCOE
9903 NICOL CT W
MITCHELLVILLE MD 20721-2960

REMARKS Actual cash value payment section 1 coverage A dwelling.

| COVERAGE DESCRIPTION | ON BEHALF OF | AMOUNT |
|---|---|---|
| FIRE OR LIGHTNING – BUILDING | BRISCOE, MAURICE | 152,714.40 |

# RETAIN STUB FOR RECORDS

StateFarm STATE FARM FIRE AND CASUALTY COMPANY
FIRE
PROXIMITY OFFICE

JPMORGAN CHASE BANK, NA 56-1544/441
COLUMBUS, OH

5 21 651262 Q

05-04-2021
DATE MM DD YYYY

CLAIM NO 20-18R5-26P   INSURED BRISCOE, MAURICE
LOSS DATE 04-16-2021

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*EXACTLY ONE HUNDRED
FIFTY-TWO THOUSAND SEVEN HUNDRED FOURTEEN AND 40/100 DOLLARS

$\*\*\*152,714.40

Pay to the
Order of: MAURICE ALONZO BRISCOE & MARYLAND INSURANCE ADJUSTERS & PATHIK RAMI

AUTHORIZED SIGNATURE

AUTHORIZED SIGNATURE

SECURED DOCUMENT WATERMARK APPEARS ON BACK, HOLD AT 45° ANGLE FOR VIEWING

⑈2l5965l262⑈ ⑆044ll5443⑆ 777l45l45⑈

GREEN DROPOUT APPEARS ON FACE OF DOCUMENT

VOID IF GREEN COLORED BACKGROUND IS MISSING

## Exhibit D – Court Transcript Excerpt

Transcript showing Appellee admission that no certified notice of default was issued.

*<< Attach Supporting Document Here >>*


EXHIBIT
D-1

be from a pleading. So they are attached, but don't belong together.

Exhibit 20 is a motion to dismiss with prejudice from the Circuit Court from Baltimore City proceeding, 21 is an order dismissing that action, 22 is an order staying that same action, and Exhibit 23 is the Member Interest and Purchase Sale Agreement. So I say all of that just for clarity because I was going off what had been filed with the Court. And sometime between the filing of those exhibits and the placing of the exhibit stickers on the exhibits the numbering changed.

All right. So, Mr. Briscoe, you may continue with your questioning of Mr. Rami.

BY MR. BRISCOE:

Q    So, Mr. Rami, on 5 -- on May the 4th, 1921 (sic), when my house burnt down and I got a check for $152,000, was I in default on that house, the loan?

A    Yes. You missed the April 1st, 20th -- 20th payment.

Q    So the --

A    You missed the April 1st, 2020 payment. There's no payment.

Q    I understand I missed the payment, but was I in default?

A    Yes.

Q    Okay. So per your note, the only way I'm in default is you send me a 30-day certified letter that's saying I'm in



default. Did you send that letter?

A    I did not default you in April of 2020. I defaulted you later.

Q    Later. So again, was I in default May the 4th, 2021?

A    You were in default, but I didn't notify you of the default until I sent you the letter.

Q    Then I'm not in default. Okay. Excuse me. Let me let you finish.

A    So in April of 2020 you went into default, which was your question. The answer to that question is yes. I notified you of default later when I defaulted you and your attorney got the paperwork.

Q    Okay. Again though, what I'm asking you, per your note, it says the only way my loan go in default is you send me a 30 days notice certified.

A    Are you talking about the acceleration upon default?

Q    Default, period, sir. It says I needed to -- to --

A    Where does it say that? Which paragraph are you talking about?

Q    Look at the note, sir.

THE COURT: Mr. Rami, let him finish his question. Okay? I don't want you talking over each other.

(Pause)

THE WITNESS: My understanding is --

THE COURT: Hold on. There is no question. There

EXHIBIT
D-3

188

Q   Legally you cannot make any actions on the property until you give me notice.

MR. GANN:  Objection.

THE COURT:  You are asking him a legal question. Unless he is a lawyer, I am not going to allow that.

MR. BRISCOE:  Got you.  Okay.

BY MR. BRISCOE:

Q   All right.  So it also says, if we look at No. 7 on here.

THE COURT:  No. 7 on --

MR. BRISCOE:  The same document, ma'am.  Exhibit 2, No. 7.

THE COURT:  Exhibit 2, No. 7?  No. 7 in the complaint or --

MR. BRISCOE:  No.  I'm going to 7.  Where we just said 9, I'm going to go back up to 7.  No. 7 on that page, Your Honor.

THE WITNESS:  On Creditors' Exhibit 2?

THE COURT:  I am looking at Creditors' Exhibit 2. Where do you see --

MR. BRISCOE:  On the promissory note.

MR. GANN:  He is on Debtor's Exhibit 2.

THE COURT:  On Debtor's Exhibit 2.  I see.

MR. BRISCOE:  I'm on at mines now.  I apologize.

THE COURT:  All right.  Thank you.

MR. BRISCOE:  Okay.

## Exhibit E – Loan Approval / Payoff Interference

Evidence showing Appellant obtained financing and Appellee refused payoff and demanded additional funds.

*<< Attach Supporting Document Here >>*



On Jun 8, 2021, at 10:13 AM, Tracy Hochhalter <tracy@lynkcapital.com> wrote:

Good morning Pathik,



EXHIBIT

E1

I am working with Maurice Briscoe on a loan for 5007 Liberty Heights Ave. There are a few items that Mr. Briscoe suggested that I reach out to you for as he claims to not have them. Can you help provide me with the following?

1. Settlement statement from when he purchased the property
2. Articles of organization for 5007 Liberty Heights Ave LLC
3. Operating agreement for 5007 Liberty Heights Ave LLC showing Maurice Briscoe as the sole owner

Let me know if you have any questions regarding these items.

Thanks!

**Tracy Hochhalter**

Account Executive

<image001.png>

tracy@lynkcapital.com

(410) 718-7992

LYNK Capital, LLC

www.LYNKCapital.com

LinkedIn | Facebook | Instagram



# Re: 5007 Liberty Heights Ave

Pathik Rami <pathikrami@gmail.com>
Fri 7/9/2021 11:46 AM
To: Tracy Hochhalter <tracy@lynkcapital.com>
Cc: Maurice Briscoe <mauricebriscoe@msn.com>;Vinayak Saxena <vsax1983@gmail.com>
Thanks

Pathik Rami
443-844-4770
Fax 714-410-2848

> On Jul 9, 2021, at 10:50 AM, Tracy Hochhalter <tracy@lynkcapital.com> wrote:

Hi Pathik,

Right now we are targeting a closing of Wednesday 7/14, though that may change. We are still waiting on some documentation back from Maurice. If anything is needed from you, the title company will reach out to you. I will keep you posted if anything changes.

Thanks,

**Tracy Hochhalter**
Account Executive

<image001.png>

tracy@lynkcapital.com
(410) 718-7992
LYNK Capital, LLC
www.LYNKCapital.com
LinkedIn I Facebook I Instagram

**From:** Pathik Rami <pathikrami@gmail.com>
**Sent:** Friday, July 9, 2021 12:07 AM
**To:** Tracy Hochhalter <tracy@lynkcapital.com>
**Cc:** Maurice Briscoe <mauricebriscoe@msn.com>; Vinayak Saxena <vsax1983@gmail.com>
**Subject:** Re: 5007 Liberty Heights Ave

Dear Tracy,
Just wanted to follow up and get a eta on closing.



www.LYNKCapital.com

LinkedIn | Facebook | Instagram

**From:** Maurice Briscoe <mauricebriscoe@msn.com>
**Sent:** Thursday, June 24, 2021 12:20 PM
**To:** Tracy Hochhalter <tracy@lynkcapital.com>; Baltimore Collections Attorney Dmitri – <baltimorecollectionsattorney@gmail.com>; Vinayak Saxena <vsax1983@gmail.com>; Pathik Rami <pathikrami@gmail.com>
**Subject:** Re: 5007 Liberty Heights Ave

Pat can you answer the email Tracy sent you? We trying to close this deal.

Get Outlook for Android

---

**From:** Pathik Rami <pathikrami@gmail.com>
**Sent:** Tuesday, June 22, 2021 9:05:39 PM
**To:** Tracy Hochhalter <tracy@lynkcapital.com>; Maurice Briscoe <mauricebriscoe@msn.com>; Baltimore Collections Attorney Dmitri – <baltimorecollectionsattorney@gmail.com>; Vinayak Saxena <vsax1983@gmail.com>
**Subject:** Re: 5007 Liberty Heights Ave

Dear Tracy,

I am willing to accept $90,000 to release the lien at 5007 Liberty heights Ave for Maurice Briscoe.

Tracy, I do want to facilitate Mr Briscoe paying off what he owes, against multiple properties, so let me know if there is an issue with his refinancing $90,000.00 there, I am willing to work with you and him.

My goal is the same as Maurice's, to get me paid off in full.

## Exhibit F – Lockout Evidence (1909 W North Ave)

Photos, reports, or communications showing unlawful lockout and loss of business access.

*<< Attach Supporting Document Here >>*




EXHIBIT

F

## Exhibit G – 60-Day Notice (Forrester Impact)

Notice issued affecting Appellant and Ms. Yvonne Forrester, demonstrating ongoing harm.

*<< Attach Supporting Document Here >>*

# Landlord's 60-Day Notice

## Termination of Residency



**EXHIBIT**

**G**

*Notification mailed October 14, 2025*

*DP updated*

Tenant: <u>Maurica Briscoe and all others</u>. Premises: 3702 Liberty Heights Avenue, 1st Fl
Baltimore, MD 21215

**RE: Request for <u>Maurica Briscoe and all others</u> of 3702 Liberty Heights Avenue, to vacate the above premises due to termination of lease agreement by the Landlord. See below Baltimore City rental codes.** The residency with <u>Maurice Briscoe and all others</u> will be terminated. The tenant must vacate the premises in 60 days: December 14, 2025, by noon.

Dear <u>Maurice Briscoe and all others</u> at 3702 Liberty Heights Avenue, Baltimore, MD 21215

This letter serves as a 60-day notice to the Tenant of the Landlord's intention to terminate the signed Residency and for you and any others still in the possession of the premises to vacate by Dec. 14, 2025, due to the following reasons: Section 3:*Termination: Either Landlord or tenant may terminate the Lease at any time by giving the other Party at least 30 days' prior written notice.*

Due to the above, **the Landlord is providing the minimum 60 days' notice required by Baltimore City Public Code of Local Laws, and we are requesting the Tenant to vacate the premises and leave the keys inside the Unit by** Dec. 14, 2025, **by 12pm (noon).** If you have any questions or need further information, please contact the Property Manager Mrs. Dinkins at (410) 493-7618. Garnishment of wages will begin upon completion of Civil Court proceedings. The balance of rent owed will continue to increase until the keys are returned, and the room is completely cleaned. Additional expenses for damage to any property will be applied to the final balance.

Cc: *File to be used as evidence for Baltimore City District Court

*updated*